[No. 8,515. Department Two.—November 29, 1884.]

HENRY JESSEN, RESPONDENT, v. CATHARINE SWEI-
GERT, APPELLANT.

NEGLIGENCE—INJURY FROM AN AWNING—LIABILITY OF OWNER OF BUILDING.—
An ordinance of the city of San Francisco prohibited the construction
of awnings in front of buildings over the public streets, except upon the
condition that the awning should "be securely placed and supported."
*Held*, that the owner of a building who erects such an awning, or suffers one
to be erected by a tenant, assumes an obligation to the public to keep it
well secured, and is liable to a party who suffers an injury from a falling of
the awning, owing to a defect in its supports, although at the time of the in-
jury the building was occupied by a tenant under a lease.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*Loughborough & Newhall*, for Appellant.

*A. P. Needles*, for Respondent.

SHARPSTEIN, J.—If the defendant had both *owned* and *occu-
pied* the building to which the awning that fell on the plaintiff
was attached, the evidence, indubitably, would be sufficient to
justify the verdict. But the defendant, while owning the build-
ing, did not occupy it. It was occupied by a tenant, under a
lease, in which the defendant did not covenant to keep the prem-
ises in repair; and it is urged by defendant's counsel, that sec-
tion 1941, Civil Code, did not impose on the lessor of this build-
ing any greater or other obligations in that respect than the
common law did. Conceding that to be so, is not the evi-
dence sufficient to justify the verdict? The fact of the awning
having been suspended over the sidewalk by a prior owner of
the building, is not controverted. And there is evidence tend-
ing to prove that prior to the accident the defendant was told
that the awning was in an unsafe condition, and that on being
so informed she expressed an intention to have it repaired.
This she denied, when testifying in her own behalf. There
being a material conflict in the evidence on this question, the
jury alone could determine it.

In addition to the evidence above referred to, the plaintiff in-

troduced an ordinance which prohibits any person owning or occupying any building, fronting upon any public street, from constructing or maintaining any awning before such building, unless such awning be securely placed.   Conceding that this constituted a license, by virtue of which the owner of the building was authorized to erect or suspend an awning over a public street in front of his premises, it was a license to do so on condition that such awning should be securely placed.   And so long as it continued to be so, it might be maintained.   As between himself and the public, the owner by erecting the awning became obligated to make and keep it secure.   If the owner had covenanted with her tenant to keep the premises in repair, any one injured by reason of her failure to do so might have maintained an action against her or the tenant.   Instead of entering into such an agreement with the tenant in respect of this awning, the owner did so with the public.   In *Whalen* v. *Gloucester*, 4 Hun. 24, the defendant had, under license similar to that referred to, made a hole in a sidewalk, and neglected to keep the cover of it in a proper condition.   The premises were occupied by a tenant, under a lease which contained a covenant that the lessor should repair, etc.   Commenting on this the court said : " It seems to be clear, therefore, that the defendant is liable, on both theories herein presented, namely: *upon her obligation to the public in her use of the street for her private purposes*, and upon her failure to keep the premises in repair, as between her tenant and herself, even if such relation of landlord and tenant and the consequent possession of the latter might otherwise excuse her."

Where one has secured a privilege from the public on a condition, he cannot, after availing himself of the privilege, avoid his obligation to perform the condition by leasing the premises. Here the awning was erected by a former owner of the building, and has been maintained by the present owner, doubtless for her own profit.   The portion of the building under the awning was used for a purpose which may have made an awning very convenient, and the fact of its being there may have enhanced the rent.   Under these circumstances, we do not doubt the liability of the defendant to any one who, without fault, was injured through her neglect to keep the awning securely in place.

It follows, therefore, that the instructions given by the court were as favorable to the defendant as the facts warranted, and that the court did not err in refusing to give those which it refused to give. The exceptions taken at the trial are, in our opinion, without merit.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.