### MOORE v. STELJES.

#### (Circuit Court, S. D. New York. July 8, 1895.)

LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURY TO TENANT'S CHILD.
    A landlord letting a house with a warranty of the safety and sufficiency of the ceiling is liable (not on the warranty itself, but on the ground of negligence) for an injury to the tenant's infant child, resulting from the fall of the ceiling upon it.

This was an action at law by Rachel Moore against Martin Steljes to recover damages for personal injuries. Defendant demurs to the complaint.

Edwin G. Davis, for plaintiff.
Coleman & Donahue, for defendant.

WHEELER, District Judge. According to the complaint, which is demurred to, the ceiling of premises hired of the defendant by the plaintiff's father for himself and family, including the plaintiff, an

infant,—the safety and sufficiency of which the defendant warranted,
—through his negligence, fell upon the plaintiff, to her great injury.
The demurrer has been argued for the defendant as if the suit was
brought upon the warranty; but the hiring and warranty seem to be
material only as showing that the plaintiff was rightfully on the
premises, and that the negligence of the defendant continued to the
time of, and caused, the injury, and did not become, after the hiring,
the negligence of the father. The gist of the action is this con-
tinuing negligence, and the question is whether the allegations of
the complaint maintain it. This passage from Wood, Landl. & Ten.
(13th Ed.) 735, is quoted in defendant's brief to show that they do
not:

"As regards the liability of landlords to third persons, it may be taken as
a general rule that the tenant, and not the landlord, is liable to third persons
for any accident or injury occasioned to them by the premises being in a
dangerous condition; and the only exceptions to the rule appear to arise when
the landlord has either (1) contracted with the tenant to repair, or (2) where
he has let the premises in ruinous condition, or (3) where he has expressly
licensed the tenant to do acts amounting to a nuisance."

Warranting the safety and sufficiency of the ceiling would hold
the defendant to the duty of maintaining it, as much as contracting
for its repair, and bring this case within the first exception. A ceil-
ing that will fall is ruinous, and the letting expressly assuming the
risk would be a letting in a ruinous condition, and bring the case
within the second exception. Payne v. Rogers, 2 H. Bl. 349, was an
action against the owner of a house in the occupation of a tenant,
for an injury owing to want of repair of supports under the pave-
ment. Objection was made that it should have been brought against
the occupier, but the action was maintained because, although the
tenant might be liable, the landlord would be liable in the first in-
stance, and to save circuity of action. Shear. & R. Neg. § 502, say:

"Nor does the entire surrender of control over land to a lessee relieve the
owner from liability to third persons for defects which existed in it when he
parted with his control."

Want of privity between the plaintiff and defendant is most stren-
uously relied upon. It was, also, in Devlin v. Smith, 89 N. Y. 470,
where one who built a scaffold under contract with a painter, de-
fectively, was held liable, against this objection, to an employé of
the painter, for injuries received in consequence of the defect. Ra-
pallo, J., said:

"The liability of the builder or manufacturer for such defects is, in gen-
eral, only to the person with whom he contracted. But, notwithstanding
this rule, liability to third parties has been held to exist when the defect
is such as to render the article in itself imminently dangerous, and serious
injury to any person using it is a natural and probable consequence of its
use."

The premises were let to the father for occupation by his family,
including the plaintiff, and injury to her would be a natural conse-
quence of the dangerous ceiling; and the warranty was made in
view of this consequence. And, although the plaintiff could not
maintain an action upon the warranty, it serves to fix the negligence
which caused the injury to her upon the defendant. Demurrer over-
ruled.