# STAPLES *v.* CASEY.*

---

LANDLORD AND TENANT; COVENANTS TO REPAIR; NEGLIGENCE.

Where the owner of a house in renting it agreed with the prospective tenant to repair the rear stairway leading to the back yard, which

---

*Landlord and Tenant—Injury from Defects in Premises—Contributory Negligence.*—For cases passing upon contributory negligence of tenant injured by defect in premises, see notes to *Hines* v. *Wilcox,* 34 L.R.A. 830; *Walsh* v. *Schmidt,* 34 L.R.A.(N.S.) 808; and *Mesher* v. *Osborne,* 48 L.R.A.(N.S.) 921.

stairway was out of repair and in a dangerous condition, some of
the treads being gone, but failed to do so, and the tenant, more
than three weeks after moving into the house, and while using the
stairway in the ordinary course of her occupation of the premises,
was injured by reason of one of the treads being loose, an action
to recover damages for such injury against the landlord is not
maintainable by the tenant, as the tenant had either actual or con-
structive knowledge of the dangerous condition of the stairway, and
was therefore guilty of contributory negligence.

No. 2768.   Submitted April 7, 1915.   Decided April 19, 1915.

HEARING on an appeal from a judgment of the Supreme
Court of the District of Columbia, dismissing an action to
recover damages for personal injuries, a demurrer to the decla-
ration having been sustained, and the plaintiff having elected
not to amend.                                      *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment sustaining a demurrer
to the plaintiff's declaration.

The action is in tort.   In the first of the two counts of the
declaration are the following averments:   The defendant,
Aeneas D. Casey, owned house No. 116 F street, N. W., which
he was desirous of renting.   At the rear of the kitchen and in
the back yard was a stairway which "was out of repair and in
a dangerous condition."   The defendant knew this.   On the
4th of May, 1914, the plaintiff, Rosalie R. Staples, agreed with
the defendant to lease these premises, "provided the defendant
would put the stairway aforesaid in good repair and in a safe
condition for use by the plaintiff."   To this the defendant
agreed, and the plaintiff entered into possession.   It was the
duty of the defendant to put the stairway in good repair and safe
condition as promised.   This duty he neglected, and, on the
29th of May, 1914, the plaintiff, "while in the ordinary course
of her occupation of said premises as tenant thereof, and while
she was in the act of using said stairway, and was exercising
due care on her part, said stairway being then and there out

of repair and in a dangerous condition as aforesaid, a part thereof, that is to say, one of the steps thereof, moved as the plaintiff stepped thereon while using said stairway as aforesaid," thereby injuring the plaintiff, etc.   In the second count it is alleged that the dangerous condition of the stairway resulted from the fact "that certain of the steps of said stairway were missing and certain others were insecure and loose;" that the plaintiff, while in the ordinary course of her occupation of said premises as tenant, "and while she was in the act of using said stairway, and was exercising due care on her part, having reference to the condition of said steps apparent to her observation, being then and there ignorant of the insecurity and looseness of the said certain steps as aforesaid, said stairway being then and there out of repair and in a dangerous condition as aforesaid, a part thereof, that is to say, one of the steps thereof, moved or oscillated as the plaintiff stepped thereon while using said stairway as aforesaid," thereby causing the plaintiff to fall, etc.

*Mr. Harry J. Gerrity* and *Mr. Charles L. Frailey* for the appellant.

*Mr. Daniel W. O'Donoghue, Mr. Arthur A. Alexander,* and *Mr. A. William Suelzer* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The plaintiff contends that there is a difference between an agreement on the part of the landlord to keep the tenant's premises in repair, and an agreement to put or maintain them in a safe condition for the tenant's use, and that where an agreement of the latter character has been made, a positive duty is imposed upon the landlord, the negligent breach of which gives rise to an action in tort to the tenant.   Such a distinction was made in *Thompson* v. *Clemens,* 96 Md. 196, 60 L.R.A. 580, 53 Atl. 919, and in *Miles* v. *Janvrin,* 196 Mass. 431, 13 L.R.A. (N.S.) 378, 124 Am. St. Rep. 575, 82 N. E. 708.   In the former case, the declaration alleged that the landlord had agreed

"to keep and maintain the premises in good, safe, and perfect condition." The court ruled that under such an agreement a duty rested upon the landlord, the negligent breach of which would give rise to an action on the case founded in tort. The plaintiff in that case disclaimed knowledge of the defective condition of the porch floor that caused her injury, but the court said: "If she [plaintiff] did know its condition, and, notwithstanding such knowledge, used it without any more necessity for doing so than is disclosed by this record, then unquestionably she would have been precluded from recovery, on the ground of contributory negligence." In the latter case, there was merely an agreement on the part of the landlord to keep the premises in repair, and the negligent failure to fulfil this agreement was made the basis of the action. The court said: "To charge a landlord in tort for personal injuries caused by a negligent omission to make needed repairs, not only must the tenant prove that the landlord agreed to keep the premises in repair, but he must go one step further, and prove that the landlord agreed to maintain the premises in a safe condition for his (the tenant's) use." In other words, the landlord must have agreed to assume entire responsibility for the safety of the premises, or a particular part of them. In the present case, the landlord agreed to put the stairway in a safe condition for the defendant's use, and, assuming that his negligent failure to perform the duty thus imposed would support this action, we are met with the contention that the declaration plainly shows contributory negligence on the part of the tenant.

When the appellant took possession of the premises on May 4, 1914, she knew, according to the averments of her declaration, that the stairway in question was "out of repair and in a dangerous condition." She knew that certain of its steps were missing, and yet, more than three weeks thereafter, "while in the ordinary course of her occupation of said premises," she used the stairway notwithstanding its dangerous condition, and was injured because one of the steps "moved or oscillated." It is inconceivable that any person of average intelligence should have used this stairway under the conditions disclosed, without

knowing that this step was loose; and even if we assume that the plaintiff did not know its condition the result must be the same, for here the situation requires us to rule that the means of knowledge was the equivalent of actual knowledge. In other words, knowing that the stairway was in a dangerous condition by reason of the missing treads, it was her duty, before attempting to use it, to make a reasonable inspection of the other treads; and, had she done so, the conclusion is irresistible that she would have discovered the infirmity in the tread which caused her injury. Constructive knowledge, therefore, in the circumstances of this case, is the equivalent of actual knowledge. This was not an emergency use of a back or kitchen stair, but a deliberate use in ordinary course, and the plaintiff could not shut her eyes to conditions which should have been obvious to her had she looked, and then charge the landlord with responsibility for the consequences, because of his agreement. *McGinn* v. *French,* 107 Wis. 54, 82 N. W. 724; *Thompson* v. *Clemens, supra.*

Judgment affirmed, with costs.                    *Affirmed.*