BESSIE SILVERMAN, an Infant, by ABRAHAM SILVERMAN, Her Guardian ad Litem, Respondent, *v.* JOSEPH ISAAC, Appellant.

First Department, May 3, 1918.

**Landlord and tenant — negligence — injury caused by failure of landlord to repair.**

A landlord who has not covenanted to make repairs is not liable for personal injuries received by a member of his tenant's family caused by a fall of glass from a window alleged to be out of repair.

*It seems,* that the landlord would not be liable even if he had covenanted to repair.

APPEAL by the defendant, Joseph Isaac, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of November, 1917, upon the verdict of a jury for $400, and also from an order entered in said clerk's office on the 27th day of November, 1917, denying defendant's motion for a new trial made upon the minutes.

*John E. Donnelly* of counsel [*Samuel S. Isaacs,* attorney], for the appellant.

*Leopold W. Harburger* of counsel [*Potter & Gelles,* attorneys], for the respondent.

SMITH, J.:

The action is brought by plaintiff, an infant daughter of Abraham Silverman, against the defendant, who was her father's landlord. Her father rented three rooms in an apartment house owned by defendant. The cause of action is for negligence in failing to keep in repair a window opening out from the tenant's apartment. By reason of the lack of repair to said window, the glass broke and fell and injured the infant plaintiff.

It would seem clear that the landlord is not liable for this injury. He has not covenanted to repair, and even if he had, he would not be liable for plaintiff's injuries by reason of the lack of repair. (*Kushes* v. *Ginsberg,* 99 App. Div. 417; affd., 188 N. Y. 630.) A promise to repair, not made a part of the lease and not upon consideration, creates no obligation of any kind. (*Marston* v. *Frisbie,* 168 App. Div. 670.) It follows that the plaintiff has no right of recovery against defendant for the injury. (*Schick* v. *Fleischhauer,* 26 App. Div. 210.)

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.