SOPHIA HUNTER *vs.* SADIE GOLDSTEIN.

Suffolk.  January 11, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Common passageway.  *Negligence,* Of one owning or controlling real estate.  *Contract,* Consideration, Modification.

At the trial of an action of tort by a tenant against his landlord for personal injuries sustained when he slipped upon some grapes on the floor of a common passageway, there was evidence that, at the time of the letting to the plaintiff, it was understood that the plaintiff and another tenant would take turns in cleaning the passageway; that thereafter the defendant, upon complaint by the plaintiff that the other tenant had failed to do his share of that work, said he would "clean it if it got very bad, that it was up to . . . [the other tenant] to clean it"; and that "once in a great while" the defendant cleaned the passageway.  There was no evidence that the defendant knew *of the presence of the grapes in the passageway or as to how long they* had been there previous to the accident.  The trial judge ordered a verdict for the defendant.  *Held,* that

(1) Failure by the defendant to look out for and remove the grapes was not in the circumstances a breach of his duty to keep the common passageway safe;

(2) Assuming that the defendant agreed to attend to the cleaning of the floor, such agreement was not supported by consideration and imposed no obligation upon him;

(3) The verdict properly was ordered for the defendant.

TORT. Writ dated December 3, 1925.

Material evidence at the trial in the Superior Court before *Greenhalge*, J., is stated in the opinion. The judge ordered a verdict for the defendant, and the plaintiff alleged an exception.

*I. N. Samuels*, (*M. W. Rosenthal* with him,) for the plaintiff.

*G. B. Rowell*, for the defendant.

WAIT, J. The plaintiff was injured by slipping upon some grapes in a dark common passageway in premises occupied by her husband as a tenant at will. At the letting, it was understood that the tenant and another who occupied a tenement opening upon the passage were to take turns in cleaning the passage. It contained no stairs and was used only by these two tenants. Later the plaintiff complained to the defendant landlord, who, apparently, also lived in the premises, of the failure of the other tenant to do her share; and refused to attend to the cleaning. The defendant, it was testified, declared she would see that it was cleaned. Once in a great while the defendant "came down and cleaned it." "She said she would come down and clean it if it got very bad, that it was up to Mrs. Petti (the other tenant) to clean it." The plaintiff cleaned it about a month before the accident. A witness testified that he had often seen grapes on the floor in the hall.

Assuming the foregoing to be true, it does not make out a case for the plaintiff. The rule of law which requires landlords to care for the safety of common passageways does not place upon them the burden of finding and removing objects placed therein by the forces of nature, or by the acts of other persons which do not render them structurally defective. As was said in *Watkins* v. *Goodall*, 138 Mass. 533, 536, "He would be liable for negligently leaving a coal scuttle in a

dangerous position, but not for not removing one so placed by another person." *Caruso* v. *Lebowich*, 251 Mass. 477, 479. There is nothing here to show when the grapes appeared in the passage, or that the defendant had anything to do with them, or knew anything of them. There is nothing to show negligence in regards to them. *O'Leary* v. *Smith*, 255 Mass. 121. *Palladino* v. *De Stefano*, 258 Mass. 12. If any agreement subsequent to the letting was made by the defendant, it was without consideration, and no liability would exist in the circumstances of this case. *Bell* v. *Siegel*, 242 Mass. 380. There is nothing in *Flanagan* v. *Welch*, 220 Mass. 186, 193, cited by the plaintiff, which sustains her contention. The language relied on applies to the rule there discussed, and is not applicable here. See *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450.

The order directing the verdict for the defendant was right.

*Exceptions overruled.*