GERTRUDE C. MARTIN *vs.* CLARENCE RICH & others.

Suffolk.　November 7, 8, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant*, Common stairway. *Negligence*, Of one owning or controlling real estate.

At the trial of an action by a tenant in an apartment building against the landlord for personal injuries sustained from slipping upon a substance upon a common stairway in the building which an employee of the defendant was accustomed to clean each day, there was no evidence that the defendant placed or was responsible for the placing of the substance upon the stairway, or that the defendant

was under any duty by express agreement with the plaintiff to keep the stairway clean, and it was *held*, that there was no evidence warranting a finding of negligence of the defendant or his employee, and that a verdict for the defendant should have been ordered.

TORT.    Writ dated December 13, 1929.

In the Superior Court, the action was tried before *Bishop*, J.  Material evidence is described in the opinion.  A motion by the defendants that a verdict be ordered in their favor was denied.  There was a verdict for the plaintiff in the sum of $1,000.  The defendants alleged exceptions.

*M. H. Golburgh*, (*J. Blumsack* with him,) for the defendants.

*R. B. Owen*, (*A. S. Lawrence* with him,) for the plaintiff.

CROSBY, J.  The plaintiff seeks to recover for personal injuries sustained by her while descending a flight of stairs in an apartment building owned and controlled by the defendants.  The front entrance of the building is used in common by all the tenants, and the steps in the vestibule were used by different tenants.  The plaintiff occupied an apartment on the third floor.  She testified that on the morning of the accident at about a quarter of ten she came down the steps, and as she opened the inside vestibule door she stepped on something and fell down the steps; that she looked at the top step, and on it saw a slippery fluid, but she did not know what it was; that a Mrs. Andrews, a friend of hers, had stayed with her at the apartment the night before and left before she did at about a quarter of eight.  She further testified that there was a written lease of the apartment.  Mrs. Andrews testified that she left the apartment about a quarter of eight and when she went down the stairs she noticed a yellow substance on the top step; that it had been walked upon, and was about two feet long on the top step and was dirty from footsteps, and there were foot tracks of oil on the steps.  A witness called by the defendants testified that he was the superintendent of the building and that in summer it was his general habit to wash the steps and vestibule in the morning between 7:30 and 9 o'clock; that the morning the plaintiff fell he washed them between 8:15 and 9:30 and that there was no

liquid on the steps at that time. At the close of the evidence the defendants moved that a verdict be directed in their favor. The motion was denied, subject to their exception. Although it appears that there was a written lease of the apartment occupied by the plaintiff, it was not offered in evidence, and there was no evidence of its terms.

The question whether there was an implied obligation on the part of the landlord to keep the stairway in the condition it was in or appeared to be in at the time of the letting has frequently been considered by this court. It was held in *Watkins* v. *Goodall*, 138 Mass. 533, 536, that a landlord who lets apartments to tenants in a building with a common passageway is bound to keep the passageway in repair, but that the duty to repair does not include the removal of snow and ice which may accumulate on the passageway and render the use of it difficult or unsafe; that a landlord owes to his tenants who use the passageway under the contract of letting, and to all persons having occasion to use it in connection with the tenements let, a duty not wantonly nor negligently to place obstructions upon it; that his duty to them is analogous to his duty with respect to travellers on a highway; and that "He is liable for obstructions negligently caused by him, but not for not removing obstructions arising from natural causes, or the acts of other persons, and not constituting a defect in the passageway itself. He would be liable for negligently leaving a coal scuttle in a dangerous position, but not for not removing one so placed by another person." There is no evidence in the case at bar that the substance on the step which caused the plaintiff to slip and fall was placed there by the defendants or by any one acting in their behalf. In *Bell* v. *Siegel*, 242 Mass. 380, it was held that the relation of landlord and tenant did not impose upon the landlord any duty to remove from steps ice naturally accumulating thereon; that the contract of letting did not bind the defendant to keep the premises safe for use, or that any such contractual relation was thereafter created; and that the landlord was not liable unless his failure to remedy the dangerous condition was evidence of gross negligence. In that case, as

here, it did not appear that the condition was caused by any negligent or wrongful act of the defendant. Many other cases since decided by this court enunciate the same principle of law. See *Caruso* v. *Lebowich,* 251 Mass. 477; *Palladino* v. *DeStefano,* 258 Mass. 12; *Hunter* v. *Goldstein,* 267 Mass. 183; *Prushensky* v. *Pucilowski,* 269 Mass. 477, 479, 480; *Smolesky* v. *Kotler,* 270 Mass. 32.

It is the contention of the plaintiff that if the defendants had taken upon themselves the duty to keep the stairway clean so that the plaintiff had a right to rely upon their performance of a duty, and there was a negligent breach of that duty, she could recover for the injury which their negligence caused her, as was held in *Nash* v. *Webber,* 204 Mass. 419, and *Erickson* v. *Buckley,* 230 Mass. 467. The answer to that contention is that there is no evidence that the substance was on the stairs at the time the defendants' superintendent usually cleaned them, or that it had been on the step a sufficient length of time for the superintendent to have discovered and removed it. The fact that the defendants' superintendent usually washed the stairs each morning did not in the absence of any evidence of an agreement to do so create an obligation upon them in this respect. It was at most a gratuitous undertaking, and the defendants are not liable unless their failure to remedy the existing condition was evidence of gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 509. *Bergeron* v. *Forest,* 233 Mass. 392. It was said in *Bell* v. *Siegel, supra,* at page 382: "The existing condition was not a hidden defect; neither was it the result of a positive act; at the most it was in consequence of inaction. In the circumstances, the failure to remove the snow and ice, although they had been upon the steps some days, did not constitute gross negligence." It is plain that the failure of the defendants to discover and remove the substance on the stairs in the present case would not warrant a finding of either gross or ordinary negligence.

There was no evidence of an express contract on the part of the defendants to keep the stairway at all times free from obstructions, and none can be implied.

As the evidence did not warrant a finding for the plaintiff the defendants' motion for a directed verdict in their favor should have been granted.

It results that the exceptions are sustained, and judgment is to be entered for the defendants.

*So ordered.*