EMMA FRIED, ADMINISTRATRIX, APPELLEE, V. CHRISTIAN BUHRMANN ET AL., APPELLANTS.

FILED MARCH 26, 1935. No. 29192.

*Harry R. Ankeny*, for appellants.

*Perry, Van Pelt & Marti*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is an action for wrongful death brought by the administratrix of the estate of Donald Fried, deceased. Donald Fried was six years of age at the time of his death. John and Emma Fried, his parents, leased an apartment from Grace Hoff and Gilbert Buhrmann, who were defendants here, together with Christian Buhrmann, who was alleged to be an employee of the other defendants. Mrs. Fried was engaged in washing clothes on the day of the fatal accident. As a condition to her permission to wash clothes in the apartment, she washed the clothes for de-

fendants Gilbert and Christian Buhrmann. Just before the accident, Christian Buhrmann brought the clothes to the apartment to be washed. While there, he engaged in play with the boy, now deceased, when the stand upon which the gas plate rested, and upon which water was heated in a washboiler, gave way, spilling hot water on the child and burning him so that he died the next morning. The jury returned a verdict for $1,000 against all three defendants, and a judgment was entered thereon from which they appeal.

The apartment was leased by Grace Hoff and Gilbert Buhrmann. There is evidence tending to prove that as an inducement to the lease they warranted the condition of the furniture to be safe. The allegation is that the furniture was substantial and they would warrant it was in good repair and that they would keep it in good repair. This is disputed, but the jury have resolved this question of fact in favor of plaintiff. Defendant Grace Hoff alleged as a defense that at the time of the accident she had sold the furniture and assigned her lease to the premises to her son. This was likewise a question of fact that has been settled by the verdict.

The plaintiff brought this action for negligence, on the theory that the failure of Hoff and Buhrmann to keep the furniture in good repair was negligence for which they were liable for the wrongful death under section 30-809, Comp. St. 1929. It is the defendants' argument that this is an action both on a contract and on a tort. Of course, a cause of action on a contract cannot be joined with a cause of action in tort. *Commercial Union Assurance Co. v. Shoemaker,* 63 Neb. 173. But the plaintiff contends that the contract merely fixes the duty between the landlord and tenant and that a failure to perform this duty so fixed is negligence. The case was submitted to the jury upon the question of negligence to keep furniture safe and in repair and on the charge of the negligence of Christian Buhrmann as an employee of the other two defendants.

The parents rented the apartment for themselves and

their family, including deceased. The safety and the sufficiency of the furniture were warranted at the time and a promise made to keep it in repair. This action for damages is founded upon the continuing negligence of the defendants. The lease and the warranty are important in that they determine the rights and duties of the landlord and tenant. In *Moore v. Steljes,* 69 Fed. 518, it was said in a similar case: "The premises were let to the father for occupation by his family, including the plaintiff, and injury to her would be a natural consequence of the dangerous ceiling; and the warranty was made in view of this consequence. And, although the plaintiff could not maintain an action upon the warranty, it serves to fix the negligence which caused the injury to her upon the defendant."

In *Glidden v. Goodfellow,* 124 Minn. 101, the plaintiff, an employee of the Smith Typewriter Company, contracted a cold which developed into tuberculosis, because the landlord of her employer did not heat the premises according to his contract. The court held: "Where the landlord by the terms of the lease expressly contracts to keep the leased premises in repair, a legal duty thereby arises on his part toward third persons lawfully upon the premises to perform the contract, and a negligent failure to do so, which results in injury to such third person, renders him liable for such damages as may have been suffered in consequence of his negligence." See, also, *Merchants Cotton Press & Storage Co. v. Miller,* 135 Tenn. 187; *Ousley v. Hampe,* 128 Ia. 675; *Mesher v. Osborne,* 75 Wash. 439. These actions were held to be in tort and in most of them there was no privity of contract between the landlord and the one injured.

In view of these decisions, we are constrained to hold that where a landlord, leasing a furnished apartment, warrants the safety of the furniture and agrees to keep it in repair, it fixes his duty, and he is liable to members of tenant's family for injuries resulting from his negligence in failing to perform this duty. The evidence is sufficient

to support a finding that the stand upon which the gas plate and washboiler rested was not substantial and in good repair and that defendants did not keep it in good repair.

Since we entertain this view as to the liability of the landlord, it is unnecessary to discuss other propositions discussed in the briefs as to privity of contract and as to the applicability of the wrongful death statute in an action founded upon breach of contract.

It is also urged that the evidence is insufficient to support the verdict upon the negligence of Christian Buhrmann in that (a) he was an employee and (b) he was within scope of his employment and (c) he was negligent.

There is evidence that he was working about the place and living there; that he was working with the knowledge of the other defendants; that at the time in question he brought his clothes and Gilbert Buhrmann's to be washed; that he had previously carried water to the apartment for washing; that he had been working as caretaker and janitor; that he fired the boiler, rented rooms and collected rent; that his pay for such work consisted of his board, room, spending money, and laundry. In view of the fact that as a part of his compensation he was to get his laundry done, it was the business of the other defendants to have it done. One defendant, Gilbert Buhrmann, had made arrangements for Mrs. Fried to do it. He took it there and while there the accident happened. There is also evidence that Christian Buhrmann negligently hit the defective stand with his foot and that this negligence concurred with the negligence of the defendants Gilbert Buhrmann and Grace Hoff in their failure to perform their duty as fixed by the warranty. This evidence is sufficient to support the verdict of the jury that the concurring negligence of the defendants was the proximate cause of the accident. There is a conflict in the evidence. This court will not set aside a verdict rendered on conflicting evidence unless clearly wrong. An examination of the record reveals no reversible error.

AFFIRMED.