HELEN GRANATO AND CARMELA GRANATO, PLAINTIFFS-RESPONDENTS, v. HOWARD SAVINGS INSTITUTION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided April 9, 1938.

Before Justices CASE and DONGES.

For the plaintiffs-respondents, *Harry Eisenberg* and *Julius Stein*.

For the defendant-appellant, *Wilbur A. Stevens* and *Reginald V. Spell*.

The opinion of the court was delivered by

CASE, J. Plaintiff Helen Granato was defendant's tenant. She was injured by the falling of a door on the leased premises and sued in tort, grounding her claim in the defendant's alleged negligence in performing contractual duties imposed by the lease agreement. The judge of the Second District Court of the city of Newark, sitting without a jury, found for Mrs. Granato and also for her husband who sued for incidental damages. The defendant landlord appeals.

The following statement of admitted facts is from the agreed state of case:

"It was admitted that Perkoff and Forman, Incorporated, were the renting and managing agents of the defendant, and were authorized to act for the defendant in all respects with reference to the renting and maintenance of the premises, their authority to make necessary repairs being limited to twenty-five ($25) dollars. It is further admitted that Mr. Philip Samson was employed by Perkoff and Forman, and was their agent in connection with the property in question."

There were other proofs from which the finder of facts could determine that Samson was the person in actual charge of the six-family tenement house of which plaintiffs' five-room apartment was part; that he had authority to make and did make the rental agreements with the several tenants of the building; that he was the person with whom, in the landlord's stead, the tenants and the superintendent of the building had their contracts; that plaintiff Mrs. Granato, prior to taking possession, made the rental agreement with Samson and that a part of that initial agreement was that the landlord would take care of all necessary repairs during the period of her occupancy; that plaintiff's possession began on July 1st, 1936; that a week before the accident plaintiff

went to Samson, described the state of disrepair to which the back exterior door of her apartment had come and said that she would vacate unless the door was repaired, whereupon Samson promised that the door would be fixed and asked her not to vacate, but that no repairs were made up to and including September 7th, 1936; that on that day the door, the upper part of which was of glass, parted from the jamb due to the rotting of the wood around the hinge-screws and fell upon plaintiff to her injury; that thereafter Perkoff and Forman, Incorporated, had the door repaired.

Appellant specified two determinations wherein it alleged error, namely, the court's refusal to nonsuit and the rendering of verdict for plaintiffs without supporting evidence.

It is established that the mere leasing of premises, without more, does not place upon the landlord the duty to make repairs of the sort involved herewith. *Bolitho* v. *Mintz,* 106 *N. J. L.* 449. But if, at the time of making the lease, the landlord promised to repair and there was consideration for that promise, and damage ensues which is chargeable to the lack of repair, liability may exist. *Rosenberg* v. *Krinick,* 116 *Id.* 597. A tort action may ground in contract, and where the action by a tenant is of that type, recovery is not limited to the damages which actually follow from a breach of the contract. *Folley* v. *United Building and Loan Association,* 117 *Id.* 54. See, also, *Williams* v. *Fenster,* 103 *Id.* 566. Appellant's contention that plaintiff was guilty of contributory negligence as a matter of law is not supported by the proofs.

The trial judge had ample support in the proofs for finding that Perkoff and Forman, Incorporated, acting through Samson, made the alleged lease agreement with Mrs. Granato. That the corporation was authorized by the landlord to make such an agreement appears in the admitted facts. If the authority of the agents to make, or to agree to make, repairs was under a price limitation of $25, it is within common knowledge that the shifting of the position of a couple of hinges on an ordinary tenement house door would not cost that sum.

Assuming that the landlord was under the duty to repair and had notice of need, it was a factual question whether there was negligence.

We find no error. The judgment below will be affirmed.