### FORTNER v. MOSES et al.
### No. 426.

Municipal Court of Appeals for the District of Columbia.

Nov. 14, 1946.

J. Austin Latimer, of Washington, D. C., for appellant.

Albert E. Brault, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff and her husband for several years have occupied a house which the husband leased from the defendant Moses, under a written agreement, as a tenant from month to month. In August 1942, the husband of the plaintiff several times telephoned defendant Humphries, agent of the landlord, informing him that the back porch of the premises was in dangerous condition and needed repairs, and Humphries promised to send a carpenter to repair

the porch immediately. On or about September 22, 1942, Humphries went to the premises to collect the rent. Upon the invitation of the plaintiff, he went on the back porch with plaintiff's husband who pointed out a loose banister and a hole in the floor of the porch over which a bushel basket had been placed. Humphries then promised to have the porch repaired, but no repairs were made. · On October 22 1942, the plaintiff was injured by a fall when the second step of the stairs leading from the porch gave way as she stepped on it. It is for this injury that the present action was brought. At the close of the plaintiff's case, the trial court directed a verdict for the defendant. Plaintiff has appealed.

Plaintiff contends that the promise of the landlord's agent to repair, made after the condition of the porch was pointed out to him, resulted in a contract to repair, the breach of which constituted actionable negligence. Whether an agreement to repair creates a duty on the landlord to repair subjecting him to tort liability when injuries result from nonperformance is a much disputed point.[1] There is no case in the District of Columbia directly imposing such liability. In Staples v. Casey, 1915, 43 App.D.C. 477, the landlord, in consideration of the tenant leasing the premises, agreed to put a stairway "in good repair and in a safe condition." The declaration by its averments indicated that the stairway in question was "out of repair and in a dangerous condition" to the plaintiff's knowledge at the time she took possession. The trial court sustained a demurrer to the declaration and the Court of Appeals affirmed, saying: "In the present case, the landlord agreed to put the stairway in safe condition for the defendant's use, and, *assuming that his negligent failure to perform the duty thus imposed would support this action,* we are met with the contention that the declaration plainly shows contributory negligence on the part of the tenant." (Italics supplied.)

The Court of Appeals based its affirmance solely on the question of contributory negligence shown in the declaration. In our opinion the Staples case is not a direct holding that failure to perform an agreement to repair imposes tort liability on a landlord, as the opinion indicates that the Court felt that such holding was not necessary to the decision of the case.

Even if it were believed that the Staples decision held that a landlord is liable in tort for failure to perform an agreement to repair, the present case does not come within its purview because the oral promise to repair was made subsequent to the letting of the premises and was not supported by consideration.

[1] Imposing tort liability: Collison v. Curtner, 141 Ark. 122, 216 S.W. 1059, 8 A.L.R. 760; Scholcy v. Steele, 59 Cal. App.2d 402, 138 P.2d 733; Dean v. Hershowitz, 119 Conn. 398, 177 A. 262; Barron v. Liedloff, 95 Minn. 474, 104 N.W. 289; Hodges v. Hilton, 173 Miss. 343, 161 So. 686; Fried v. Buhrmann, 128 Neb. 590, 259 N.W. 512; Ashmun v. Nichols, 92 Or. 223, 178 P. 234, 180 P. 510; Merchants' Cotton Press & Storage Co. v. Miller, 135 Tenn. 187, 186 S.W. 87, L.R.A.1916F, 1137; Ross v. Haner, Tex.Com.App., 258 S.W. 1036; Mesher v. Osborne, 75 Wash. 439, 134 P. 1092, 48 L.R.A.,N.S., 917; Flood v. Pabst Brewing Co., 158 Wis. 626, 149 N.W. 489, L.R.A.1916F, 1101. See also, Moore v. Steljes, C.C., D.N.Y., 69 F. 518.

Denying tort liability: Hanson v. Cruse, 155 Ind. 176, 57 N.E. 904; Murrell v. Crawford, 102 Kan. 118, 169 P. 561; Spinks v. Asp, 192 Ky. 550, 234 S. W. 14; Jacobson v. Leventhal, 128 Me. 424, 148 A. 281, 68 A.L.R. 1192; Tuttle v. George H. Gilbert Mfg. Co., 145 Mass. 169, 13 N.E. 465; Harrill v. Sinclair Refining Co., 225 N.C. 421, 35 S.E.2d 240; Dustin v. Curtis, 74 N.H. 266, 67 A. 220, 11 L.R.A.,N.S., 504, 13 Ann.Cas. 169; Cullings v. Goetz, 256 N.Y. 287, 176 N.E. 397; Berkowitz v. Winston, 128 Ohio St. 611, 193 N.E. 343; Wick v. Wasson, 193 Okl. 209, 142 P.2d 124; Harris v. Lewistown Trust Co., 326 Pa. 145, 191 A. 34, 110 A.L.R. 749; Davis v. Smith, 26 R.I. 129, 58 A. 630, 66 L.R.A. 478, 106 Am.St.Rep. 691, 3 Ann.Cas. 832; Timmons v. Williams Wood Products Corporation, 164 S.C. 361, 162 S.E. 329; Caudill v. Gibson Fuel Co., 185 Va. 233, 38 S.E.2d 465; Soulia v. Noyes, 111 Vt. 323, 16 A.2d 173; Home Owners' Loan Corporation v. Huffman, 8 Cir., 124 F. 2d 684, certiorari denied, 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754 (applying Missouri law).

■ It is an established rule that where by the terms of the lease the landlord does not have the obligation of repairing the premises, a promise to repair made by him during the term must be supported by new consideration to be valid; otherwise it is considered a nudum pactum.[2] In the present action it is conceded that the written lease imposed no obligation on the landlord to repair; and we find in the record no evidence of consideration for the oral promise to repair. Many cases hold that a promise to repair made by a landlord to induce the tenant to remain on the premises when the tenant, having the right to do so, threatens to remove, is supported by a sufficient consideration.[3] However, here there was no threat or expressed intention on the part of the tenant to vacate if the repairs were not made, and no promise on his part to remain in the premises if the landlord would promise to repair. The tenant and his wife did no more than point out the dangerous condition and request that it be repaired.

■ We find in the record no evidence whatever upon which consideration could be based. Consequently, we must hold that the promise to repair was without consideration. Therefore, even if the rule imposing tort liability on the landlord for failure to perform an agreement to repair is the law in this jurisdiction, the plaintiff cannot recover in this case. The ruling of the lower court must be affirmed.

Affirmed.

CLAGETT, Associate Judge.

I concur in the result arrived at by my colleagues in this case.

The accident involved in this suit resulted when plaintiff, a housewife, weighing about 241 pounds, was walking down some "open" steps running from a frame rear porch of the house which she and her husband occupied as tenants from month to month of the defendant, Moses. Both she and her husband testified that prior to the accident they had pointed out to Humphries, agent of the owner, defects in the floor of the porch itself and that a banister was loose, and that Humphries had promised to have the defective conditions remedied. Nowhere in the testimony is there any evidence that any defect in the steps was called to the attention of the owner or his agent. In fact, plaintiff testified she did not know the step was defective. As I see it, this evidence alone was sufficient to require a directed verdict for defendants since, in any event, a landlord is not liable for accidents in rented property resulting from defects of which he has no knowledge, where, as here, he had made no general covenant or agreement to repair the premises.

I believe, therefore, that the holding by the majority, that when a landlord, after the lease is made, promises to make repairs, he is not liable for nonperformance of his promise on the ground of lack of a separate consideration for the promise, is not necessary to a decision of this case.

---

[2] Hart v. Coleman, 201 Ala. 345, 78 So. 201, L.R.A.1918E, 213; Newman v. Golden, 108 Conn. 676, 144 A. 467; Roehrs v. Timmons, 28 Ind.App. 578, 63 N.E. 481; King & Metzger v. Cassell, 150 Ky. 537, 150 S.W. 682, 42 L. R.A.,N.S., 774; Hunter v. Goldstein, 267 Mass. 183, 166 N.E. 577; Rhoades v. Seidel, 139 Mich. 608, 102 N.W. 1025; Glenn v. Hill, 210 Mo. 291, 109 S.W. 27, 16 L.R.A.,N.S., 699; Silverman v. Isaac, 183 App.Div. 542, 170 N.Y.S. 290; Perez v. Rabaud, 76 Tex. 191, 13 S. W. 177, 7 L.R.A. 620; Miller v. Vance Lumber Co., 167 Wash. 348, 9 P.2d 351.

[3] Stevens v. Yale, 101 Conn. 683, 127 A. 283, Edelman v. Monouydas, Md., 47 A.2d 41; Good v. Von Hemert, 114 Minn. 393, 131 N.W. 466; Ehinger v. Bahl, 208 Pa. 250, 57 A. 572; Hart v. Coleman, 201 Ala. 345, 78 So. 201, L.R.A. 1918E, 213; Watkins v. Feinberg, 128 N.J.L. 79, 24 A.2d 198.