*Northern District*

No. 5006

**PAULINE KAMINSKI**

v.

**IRVING I. BRENDZE,**
**Trustee of Sagamore Realty Trust**

(October 17, 1956)

*Eno, J.* This is an action of tort by which a tenant seeks to recover from her landlord for personal injuries sustained as a result of falling on a common stairway.

*Count* 1 of the declaration alleges that the common stairway was in a defective condition owing to the negligence of the defendant. *Count* 2 alleges that when the tenancy commenced the defendant agreed at all times to keep the common stairway and areas in a safe condition and a failure on his part to carry out that agreement. The answer is a general denial and an allegation of contributory negligence on the part of the plaintiff.

*The reported evidence is as follows*: "On April 23, 1955, and for a long time prior thereto the plaintiff and her husband and two children occupied as tenants at will and for $6.30 per week a tenement on the second floor of a three-story six-family wooden frame house numbered 69 Elmwood Avenue, in Lynn, Massachusetts, owned by the defendant, a

lawyer, as Trustee under a Realty Trust, that there was a front entrance serving three four-room tenements on one side and three five-room tenements on the other side, and a rear entrance serving all six tenements, that the stairway leading from the ground floor to the second floor in front was about five feet wide, that at the top of this stairway there was a hallway on the right which was a tenement occupied by a family named NAI, and on the left by the plaintiff, that when the plaintiff became a tenant the stairway was in good condition, that some time prior to April 23, 1955 the tenant Mrs. Nai had placed on the second floor hallway between the tenements of the plaintiff and said Nai a linoleum mat about nine feet by twenty-four inches and on the landing of the stairway between the second and first floors *a piece of plastic stripping* about one inch by one and one-half feet, that about two weeks before April 23, 1955 the plaintiff observed that *this stripping was broken and up about an inch,* that plaintiff notified defendant about the conditions and he said he would get around to fixing it but he never did, that on April 23, 1955, about 7:30 or 7:45 A.M. as the plaintiff was going down the stairway from the second floor to the ground floor she tripped on the stripping and fell down the stairs, sustaining injury; that the defendant always used the rear entrance when calling for rent from the tenants, that on the day of the accident and after it had happened the defendant examined the stairway where the plaintiff fell and found nothing to indicate that there was anything on the stairs that would have contributed to the plaintiff's fall, that the defendant had no recollection of the plaintiff complaining to him about any stripping on the stairway in question and that defendant never saw any stripping on the stairway before the accident."

The trial judge allowed the following requests of the defendant:

3. The evidence in this case warrants a finding that at the time and place set forth in the plaintiff's declaration the plaintiff was not in the exercise of due care.

5. A landlord is not bound to remove obstructions in common passageways arising from the acts of others. *Caruse v. Lebowich,* 251 Mass. 477.

6. Landlords do not have the burden of finding and removing objects in common passageways not rendering them structurally defective. *Hunter v. Goldstein,* 267 Mass. 183; *Martin v. Rich,* 288 Mass. 437.

7. The evidence in this case does not warrant a finding that at the commencement of the tenancy of the plaintiff and her family the defendant assumed the obligation of keeping in a safe condition at all times the common passageways and areas of the premises herein involved.

8. On all the evidence, as a matter of law, the defendant was not obligated to keep in a safe condition at all times the common passageways and areas of the premises herein involved.

and denied the following:

1. The evidence in this case does not warrant a finding that at the time and place set forth in her declaration the plaintiff sustained injuries as a result of negligence on the part of the defendant or of any one for whose conduct the defendant was legally responsible.

2. On all the evidence, as a matter of law, neither the defendant nor any one for whose conduct the defendant was legally responsible was negligent at the time and place set forth in the plaintiff's declaration.

4. On all the evidence, as a matter of law, at the time and place set forth in the plaintiff's declaration the plaintiff was not in the exercise of due care.

9. The evidence in this case does not warrant a finding that the plaintiff or anyone in her behalf notified the defendant that that part of the premises herein involved where the plaintiff sustained the injuries herein complained of was in an unsafe condition.

The Court found the following facts:
"I find as a fact that the area where the plaintiff

fell was in good condition at the time of the letting and about two weeks before the accident the plaintiff notified the landlord of the defective condition of the area and landlord promised to repair the same. I find that the premises were in a dangerous condition at the time the plaintiff received her injuries," and found for the plaintiff on Count 1 of the declaration.

The report is before us only on the Court's refusal to grant the defendant's requests 1 and 2.

A landlord's duty to a tenant with respect to a common stairway is that of due care to keep it in such condition as it was in, or purported to be in, at the time of the letting. *Andrews v. Williamson,* 193 Mass. 92, 94; *Fernandes v. Medeiros,* 325 Mass. 293.

The only question raised by the defendant's two denied requests is whether or not the evidence in this case is sufficient to permit recovery for the injuries sustained by the plaintiff. We believe it is.

The defendant relies on the case of *Bacon v. Jaques,* 312 Mass. 371, where the Court held that a landlord "is liable for obstructions negligently caused by him, but not for not removing obstructions arising from natural causes, or the acts of other persons, and not constituting a defect in the passageway itself." That case is distinguishable from the one at bar.

In the instant case, the trial judge could find that the damaged plastic stripping constituted "a defect in the passageway itself" and that the defendant had sufficient notice of its dangerous condition before the plaintiff sustained her injuries.

There was no error, therefore, in the denial of the defendant's two requests and *the report is to be dismissed.*

Archie H. Cohen, for the plaintiff.

P. F. Hurley, for the defendant.