THE TRUSTEES OF THE CONGREGATION OF THE SONS OF ABRAHAM, PLAINTIFFS IN ERROR, v. PETER GERBERT, EXECUTOR OF JOHN SNYDER, DECEASED, DEFENDANT IN ERROR.

Lease to A for five years, with a covenant that A shall have a further term of five years from the expiration of the term thereby created, if lessee gives three months' notice of his intention to take such further lease, and with the further covenant that if A desires to purchase the demised premises, the lessor will at any time during the tenancy thereby created or agreed upon convey said premises to A for the sum of $7,000..

A gave due notice of his election to take a second term, and remained in possession, and during such second term demanded a deed, which, the lessor refused to give. *Held*, that A was entitled to damages arising from the loss of his bargain by the refusal of the lessor to convey.

·On error to the Essex Circuit.

For the plaintiffs in error, *Coult & Howell.*

For the defendant in error, *Colie & Swayze.*

The opinion of the court was delivered by    .

VAN SYCKEL, J.    John Snyder, in his lifetime, on the 1st ·of March, 1884, made a lease, under seal, of premises in the ·city of Newark, known as No. 226 Washington street, for the term of five years from April 1st, 1884.

The said lease contained the following covenants :

"And the said John Snyder further covenants and agrees to ·and with the said party of the second part that he will let and demise to them the premises hereby demised for a further term of five years from the expiration of the term hereby ·created, and upon the same terms as to amount and payment of rent, if the said party of the second part shall so desire, ·and shall give notice thereof at least three months before the expiration of this lease ; and further, that if the said party of the second part shall desire to purchase the demised premises, that he will at any time during the tenancy hereby ·created or agreed upon, for the consideration of seven thou-·sand dollars, sell and convey. by warranty deed, with the ·usual full covenants, free and clear of all encumbrances, the ·demised premises to the said party of the second part, or such person or persons as they shall desire, upon their giving to him, his heirs, executors or administrators, notice that they ·desire such conveyance, such conveyance to be made within thirty days after the giving of such notice, and the payment of rent to cease at the delivery of such deed, and if not ·delivered within said thirty days, then said rent to cease at ·the end of that time."

On November 5th, 1888, the plaintiff served a notice on Snyder that the plaintiff desired a further lease for five years. from the expiration of the then current term.

The plaintiff continued in possession, and on June 1st,. 1892, served upon the executor of Snyder, and upon his heirs-at-law, a notice that the plaintiff elected to purchase the premises in question, and demanded a deed in accordance with said lease, which the defendant refused to give.

The only question submitted to this court is, whether the plaintiff was entitled to recover damages in the court below for breach of the agreement to convey.

The language of the covenant in regard to another term is,. that "Snyder will let and demise the premises for a further term of five years from the expiration of the term hereby created," while the language with reference to the conveyance is, that "he will at any time during the tenancy hereby created or agreed upon sell and convey."

Two tenancies are here referred to :

*First.* The tenancy for five years expressly created by the terms of the lease, and correctly described as the term thereby created.

*Second.* The further tenancy for five years at the option of the lessee, which was agreed upon and provided for in the lease.

Effect must be given to all the words used in the clause last cited.

If the right to a conveyance was not to extend beyond the first term, that agreement would have been clearly expressed by the word "created," as used in reference to the right to a further lease. The addition of the words "or agreed upon" must have been inserted to enlarge the right to a conveyance ; to give something more than the word "created" would have passed, otherwise they are of no force. They are apt words to entitle the lessee to a conveyance at any time during the term which was, at its option, to follow the term created, and a reasonable interpretation of the contract requires that signification to be imputed to them. The second term was created

by the service of the notice in due time. By force of that notice under the covenants of the lease, the further term agreed upon was created; no further writing was necessary.

The option to purchase continued during the second term, and the plaintiff was entitled to damages arising from the loss of its bargain.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, GREEN, KRUEGER, SIMS, SMITH. 14.