CHARLES S. STEIN, PROSECUTOR, v. ALEXANDER
PORTER, RESPONDENT.

Submitted March 17, 1921—Decided June 7, 1921.

1. In a contract of letting from month to month, each month is a
   separate contract.
2. In a tenancy from month to month, the landlord served a notice
   upon the tenant on October 30th, 1920, to surrender possession
   of the demised premises on December 1st. *Held*, that under the
   provisions of chapter 357 of the laws of 1920 (*Pamph. L.* 1921. *p.*
   1071), which was in force at the time of service of the notice,
   three months' notice to quit was necessary and that the notice
   served was ineffective.

On *certiorari* to the District Court of Elizabeth.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Kellogg & Chance.*

For the respondent, *Frank K. Sauer.*

The opinion of the court was delivered by

SWAYZE, J. This is a summary proceeding to dispossess a
tenant. It is defended under chapter 357 of the laws of 1921.
*Pamph. L., p.* 1071. The question is whether the act is ap-
plicable, and if applicable whether it is constitutional. The
case was removed before trial and the only question therefore
is whether the record shows jurisdiction. The landlord's
affidavit sets forth that the premises were let and rented to
Porter from month to month, from the 1st day of December,
1918, for the monthly rent of $40; that on the 1st day of
December, 1919, the rent was increased by agreement to $45;
that on October 30th, 1920, a notice to deliver possession on
December 1st, 1920, was served, and that Porter holds over
and continues in possession. The act applies to all tenancies
from month to month. This was such a tenancy in its origin,

by express agreement, and we see no reason to doubt that it remained a tenancy from month to month in spite of the subsequent increase of rent. The question, therefore, is whether there is anything in such a statute forbidden by the state constitution. The conflict relied upon between the statute and the constitution is that the statute impairs the obligation of a contract or deprives the landlord of his remedy, for the reason that at the making of the contract only one month's notice was necessary to end the term, and the statute undertakes to make three months' notice necessary. This argument rests on a misapprehension of the contract of letting. It assumes that the letting is under the contract of 1918; in fact, it is under the contract of October, 1920. The contract being from month to month, each month was a separate contract. *Steffens* v. *Earl,* 40 *N. J. L.* 128; *Condon* v. *Barr,* 47 *Id.* 113; *Shaw* v. *Schietinger,* 51 *Id.* 152.

The tenancy for October, 1920, began with the first day of that month. At that time chapter 357 of the laws of 1920 was the law of the state and the tenancy existed subject to the statute in force when it began and that statute required a three months' notice. The affidavit of the landlord shows a notice on October 30th to deliver possession on December 1st. This does not comply with the statute and there was no jurisdiction in the District Court to entertain the proceeding.

It should be set aside, with costs.