WILLIAM LOISELLE et al. vs. PAWTUCKET ICE CO.

DECEMBER 18, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Sweeney, JJ.

(1) *Workmen's Compensation Act. Partition of Payment by Agreement.*

In a decree under the Workmen's Compensation Act, the Court found that the second wife of deceased was entitled to the total compensation, but by request and consent of said wife decree was entered providing that the amount should be divided in thirds between her and the two children of deceased by his first wife. The first wife appeared as the next friend of her two minor children and the decree provided that the payment for the children should be made to her to be applied to their support.

*Held*, that all of the parties being before the court it was competent for the second wife to assent to the decree which thereafter would be binding upon her.

*Held*, further, that as the children were parties through their next friend, the decree was binding upon them and the receipt of the next friend would be ample discharge to the respondent.

PROCEEDING under Workmen's Compensation Act. Heard on appeal of respondent and dismissed.

VINCENT, J.    This case comes before us upon the appeal of the respondent from a final decree of the Superior Court entered upon a petition filed under the Workmen's Compensation Act, Chapter 831, Public Laws, 1912.

On January 18, 1922, Wilfred Loiselle, an employee of the Pawtucket Ice Company, sustained personal injuries by an accident arising out of and in the course of his employment from which injuries he later died.

Both employer and employee were subject to the provisions of the compensation act.

The deceased had been married and had had two children. Subsequently his wife divorced him and he married again. The wife had also remarried and had divorced her second husband. She is not a petitioner in her own behalf but appears therein as Minnie Corbishley Sargent, the next friend of her two minor children, their custody having been awarded to her in the divorce proceedings. The second wife, Minnie Ogden Loiselle, is however a petitioner for

herself. She did not live with the deceased at the time of his death. She had instituted divorce proceedings against her husband and had obtained a decision in her favor upon her petition but, at the date of his death, the time had not arrived for the entry of the final decree.

A hearing was had in the Superior Court upon the petition, the answer of the employer, and oral testimony and findings of fact were made which, so far as they relate to the questions now presented for our consideration, are as follows:

"That the petitioner Minnie Loiselle, second wife of said deceased, was living separate and apart from said deceased at the time of his death for justifiable cause.

"That the said petitioner, Minnie Loiselle, second wife, was by conclusive presumption, wholly dependent upon said deceased for support at the time of his death.

"That the said minor petitioners, William Loiselle and Wilfred Loiselle, Jr., children of said deceased by his first wife, were at the time of the death of said deceased, in fact wholly dependent upon said deceased.

"That the said petitioner Minnie Loiselle, second wife, does not desire that the total compensation payable in respect of said death be paid to her, although she is entitled to said total compensation, but desires and consents that decision may be entered giving her one-third of said total compensation, and giving the remaining two-thirds of said total compensation, in equal shares, to said two minor petitioners, William Loiselle and Wilfred Loiselle, Jr."

Upon these facts the following decree was entered in the Superior Court. "That the said respondent shall pay, from the said 18th day of January, A. D. 1922, weekly payments of $3.34 for the period of three hundred weeks, to said petitioner Minnie Loiselle, second wife; and shall also pay to Minnie Loiselle, first wife, for three hundred weeks from said 18th day of January, 1922, weekly payments of $3.33 to be applied by said first wife to the support of said minor petitioner William Loiselle, and the additional weekly amount of $3.33 for said three hundred weeks to be

applied by said first wife to the support of said minor petitioner Wilfred Loiselle, Jr.''

From this decree the respondent has appealed, stating its reasons of appeal as follows:

''Said final decree is erroneous and contrary to law, in that under the facts shown the second wife of the deceased is by law conclusively presumed to be wholly dependent upon the earnings of said deceased.

''Said final decree is erroneous and contrary to law, in that the facts shown necessitate an award of the entire compensation payable, to said second wife.

''Said final decree is erroneous and contrary to law, in that although said second wife is by law conclusively presumed to be wholly dependent upon the earnings of said deceased, said decree orders the payments of compensation to be divided between said second wife and the children of the deceased's first wife.

''Said final decree is erroneous and contrary to law, in that it subjects said respondent, outside of the provisions of the Workmen's Compensation Act, to the performance of a private agreement reached between the petitioners as to a division of the compensation payments.''

The respondent does not contend that the amount of the award is unjust nor that it is unwilling to bear the burden which the decree imposes but argues that the finding that the second wife is entitled to the entire compensation is erroneous for the reason that she and the children of the first wife should stand upon an equal footing, all of them being wholly dependent upon the earnings of the deceased, and consequently that the decree should secure to them the amounts therein specified independent of any concession on the part of Minnie Odgen Loiselle, the second wife.

It does not seem to us that the determination of that question is essential to the disposition of the present case. It is quite apparent that if we adopted this view of the respondent the petitioners would receive the same amount

and in the same proportions as they would receive under the decree of the Superior Court as it now stands.

(1) The respondent further argues that, the Superior Court having found that the second wife is entitled to the total compensation, it was error to decree that the amount should be equally divided between her and the two children of the husband by a former wife. It appears that the second wife, Minnie Ogden Loiselle, not only assented to but specifically requested that the decree be entered in its present form. Whether in so doing she was actuated by a kind impulse or influenced by some misgiving as to her legal right to the whole amount we need not discuss.

She took no appeal from the decree thus entered and, so far as she is concerned, it stands in full force and effect. All the parties in interest were before the court and we see no reason why it would not be competent for Minnie Ogden Loiselle to assent to the entry of the decree in question which thereafter would be binding upon her.

Lastly, the respondent claims that the decree is erroneous in that it subjects the respondent to the performance of a private agreement between the petitioners as to the division of the compensation payments, such agreement not being authorized by the compensation act, and therefore the respondent would not be protected in making payments to Mrs. Sargent, the mother of the children, but might be liable to pay a second time in case it were made to appear that the money had not been expended for the benefit of the beneficiaries.

The children became parties to the petition through their mother as next friend and as such she had full authority to direct the management of the proceeding until its final conclusion. That being so the decree would be binding upon the children. We think that the respondent will be amply protected in paying to the mother, Mrs. Sargent, the amounts specified in the decree, being the respective shares of her minor children, William Loiselle and Wilfred Loiselle, Jr., and that her receipt for the same would be an ample release and discharge.

As the main object of the respondent's appeal is to guard against double payment, and as we think that the respondent is already secure in that respect, we see no reason for disturbing the decree appealed from.

The respondent's appeal is denied and dismissed, the decree of the Superior Court is affirmed, and the cause is remanded to said court for further proceedings.

*Joseph T. Witherow*, for petitioners.

*Ralph T. Barnefield*, for respondents.