HAZEL HARENBURG, PLAINTIFF-APPELLANT, v. NATHAN AUGUST, DEFENDANT-RESPONDENT.

Submitted May 28, 1937—Decided September 22, 1937.

84

For the plaintiff-appellant, *Precker & Precker* and *Gerald T. Foley.*

For the defendant-respondent, *Skeffington & Walker.*

The opinion of the court was delivered by

DONGES, J.   Defendant was the owner of an apartment house in the city of Newark.   Plaintiff was a tenant therein from November 1st, 1928, until July 1st, 1932, at which time she leased another apartment in the same building under a monthly tenancy at $55 a month.   Plaintiff testified that she inspected the new apartment before leasing it and objected to the location of a radiator in the bathroom; that she was five feet ten and one-half inches in height and weighed about two hundred and eighty pounds, and feared injury because the radiator was, in her opinion, too close to the toilet; that the defendant was present with the superintendent of the building when she inspected the apartment and agreed to change the location of the radiator, which promise was repeated several times after she moved in, but never performed.   In September, 1933, the letting was changed from one at $55 a month to one at $50 a month.   At this time nothing was said about changing the location of the radiator. There was a request about painting the kitchen, which was done.   On or about November 20th, 1933, plaintiff was burned while using the toilet, such burns being on the outside of the left foot from the small toe to the middle of the arch, and on the sole.   For these injuries plaintiff sued, alleging that defendant agreed to change the location of the radiator, but failed to do so.   At the trial, the trial judge directed a verdict for the defendant, from which this appeal is taken.

In the absence of a continuing nuisance or of an express contract, the relation of landlord and tenant, at common law, imposed the duty of repairing the demised premises upon the tenant.   A departure from this rule is in the failure to

reasonably maintain hallways, stairs or other ways and appurtenances, common to the use of tenants in apartment houses, it being generally held that such duty rests upon the landlord, and for failure to perform this duty he has been held liable, or where the landlord voluntarily assumes the task of repairing or altering the demised premises and does it in a negligent manner.

In the instant case, there is an utter failure of proof to bring it within either of the recognized exceptions to the rule. Here the tenant, in September, 1933, with a full knowledge of the physical conditions entered into a new agreement at a reduced rental, without any complaint or agreement for a change of such conditions. It is well settled that, in the absence of express contract, there was no duty upon the landlord to alter or repair the demised premises. *Naumberg* v. *Young*, 44 *N. J. L.* 331; *Heintze* v. *Bentley*, 34 *N. J. Eq.* 562; *Murray* v. *Albertson*, 50 *N. J. L.* 167; *Barthelmess* v. *Bergamo*, 103 *Id.* 397.

The agreement in effect at the time of the alleged injury did not include or contemplate, under the undisputed proofs, any alteration of the location of the radiator or of any fixture in the bathroom. Hence defendant would not be liable for any injury to plaintiff by reason of the location of the radiator. The direction of a verdict for defendant was justified.

In view of our conclusion, as above stated, it is not necessary to deal with the question of assumption of risk by the plaintiff.

The judgment is affirmed.

HEHER, J. (Concurring.) I do not entertain the view that the subsequent contract for the reduction of the rent also abrogated the landlord's unfulfilled undertaking to relocate the radiator. His express reaffirmation of this promise was not, in the circumstances, essential to its continued vitality. The modification of the rental provision of a tenancy contract does not, without more, cancel the remainder of the stipulations. Here the modification affected the rental

clause only. So far as the proofs disclose, it was the design of the parties that the original agreement should stand otherwise.

Yet an affirmance is required. The breach of the landlord's asserted undertaking to place the radiator elsewhere was not the natural and proximate cause of the tenant's injuries. It was indisputably not within the contemplation of the parties that this measure was either essential or advisable to safeguard the tenant against such a risk of danger; it was rather her comfort and convenience that were to be served thereby. She desired the change of location. so runs her testimony, because "sitting on the hopper next to the radiator was not convenient." At the time of the letting, and during its continuance, she was subject to sudden seizures of illness, accompanied by a loss of consciousness. The landlord was unaware of the physical infirmity predisposing her to an injury of the character sustained. She fell to the floor as the result of one of these attacks while using the toilet; and, when she "came to," it was found she had suffered the footburns for which recovery is sought.

But if this be regarded as an occurrence reasonably foreseeable by the landlord, so also was it within the realm of reasonable prevision as regards the tenant. The hazard of injury, arising from the special circumstances, was known to and appreciated by the tenant; and whether it be termed assumption of risk or contributory negligence, her continued use of the bathroom, notwithstanding her proneness to fainting spells, for a period of fifteen months after the making of the contract, not induced by the landlord's promises— renewed from time to time—to make the agreed change, precludes recovery.

While in the strict technical sense the doctrine of assumption of risk is confined to danger incident to the performance of a contract of employment, there is a class of cases outside the relationship of master and servant in which the maxim *volenti mon fit injuria* is operative to debar one from a remedy which might otherwise be open to him. The voluntary assumption of the risk of a known danger bars recovery

if injury ensues, even though the victim may have taken such care for his own safety as would have been used by an ordinarily prudent person so circumstanced. *Vorrath* v. *Burke,* 63 *N. J. L.* 188; *Mullen* v. *Rainear,* 45 *Id.* 520; *Frank* v. *Conradi,* 50 *Id.* 23; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276; *Miner* v. *Connecticut River Railroad Co.,* 153 *Mass.* 398; 26 *N. E. Rep.* 994; *Indiana Natural Gas and Oil Co.* v. *O'Brien,* 160 *Ind.* 266; 65 *N. E. Rep.* 918; 66 *Id.* 742; *Gover* v. *Central Vermont Railway Co.,* 96 *Vt.* 208; 118 *Atl. Rep.* 872; 45 *C. J.* 1043.

And, granting the landlord's negligence, the tenant's behavior may well be classed as conclusive of contributory negligence. Although there is a substantial difference between assumption of risk and contributory negligence (*Cetola* v. *Lehigh Valley Railroad Co.,* 89 *N. J. L.* 691), the kinship is so close as to make a practical distinction ofttimes difficult when considered in relation to the facts of the individual case. And so the tendency of the cases is to treat assumption of risk in its general sense and negligence as convertible terms. 39 *C. J.* 684. To borrow the language of Mr. Justice Holmes, "assumption of risk in this broad sense obviously shades into negligence as commonly understood. Negligence consists in conduct which common experience or the special knowledge of the actor shows to be so likely to produce the result complained of, under the circumstances known to the actor, that he is held answerable for that result, although it was not certain, intended, or foreseen. He is held to assume the risk upon the same ground. *Choctaw, O. and G. Railroad Co.* v. *McDade,* 191 *U. S.* 64, 68; 48 *L. Ed.* 96, 100; 24 *Sup. Ct. Rep.* 24. Apart from the notion of contract, rather shadowy as applied to this broad form of the latter conception, the practical difference of the two ideas is in the degree of their proximity to the particular harm. The preliminary conduct of getting into the dangerous employment or relation is said to be accompanied by assumption of the risk. The act more immediately leading to a specific accident is called negligent. But the difference between the two is one of degree rather than of kind." *Schlemmer* v. *Buffalo, R.*

*and P. Railroad Co.,* 205 *U. S.* 1, 12; 27 *S. Ct.* 407; 51 *L. Ed.* 681. See, also, *Seaboard Airline Railroad Co.* v. *Horton,* 233 *U. S.* 492; 58 *L. Ed.* 1062, 1070.

For these reasons, I vote to affirm.

Mr. Justice Parker and Mr. Justice Perskie join in this opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.