SAMUEL P. ORLANDO, PLAINTIFF-APPELLEE, v. COUNTY OF CAMDEN, DEFENDANT-APPELLANT.

Argued May 3, 1944—Decided October 6, 1944.

Before BROGAN, CHIEF JUSTICE, and Justice PERSKIE.

For the plaintiff-appellee, *Kenworthy & Clark* (*Bennett Clark,* of counsel).

For the defendant-appellant, *Benjamin F. Friedman*.

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. Plaintiff has a judgment entered upon direction of verdict in the Camden County Circuit Court. The defendant appeals. The plaintiff sued for part of the salary which had been withheld by defendant for the five year period during which plaintiff served the state as Prosecutor of the Pleas in and for Camden County. His claim is that from the time he took office in February, 1934, until the end of his term in 1939, the county paid him a salary which was 15% less than the salary of $7,500 per annum which the statute prescribes. In its answer the defendant would justify the deductions made from the statutory salary, citing resolutions adopted by the governing body

of Camden County by which were accomplished a general reduction of salaries that were above a stated minimum. Certain emergency legislation was relied upon to justify these reductions. Pursuant to such authority from the legislature (chapter 17, *Pamph. L.* 1933; also chapter 446; chapter 3, *Pamph. L.* 1935, and chapter 4, *Pamph. L.* 1936), the Board of Chosen Freeholders made the reduction in the case of the plaintiff and others. By way of separate defense the county asserts that the plaintiff accepted the salary at the reduced rate, without protest, from February, 1934, until January 1st, 1937, and that no demand prior to that date was made by the plaintiff that his salary be paid in full; that therefore he consented to such reduction and is estopped now from demanding reimbursement for those years; and that the acceptance of the salary at the reduced rate without protest constituted an accord and satisfaction for the service rendered. Further, that the plaintiff, by conduct, waived whatever claim he had for the difference between what he received and what he should have received.

The appellant argues as its first point that the trial court committed error "in disregarding evidence of waiver and estoppel." The evidence referred to is the receipt by the plaintiff of his compensation in the reduced amount, and his alleged unqualified acceptance thereof; further, that the budget prepared by the plaintiff for his office requirements for a given year exhibited a gross salary and a reduced salary for the plaintiff and his assistants, the implication being that the plaintiff, in the preparation or approval of such budget as prepared, acquiesced in or recognized the reduction so stated; that the plaintiff prepared, or there was prepared for him, "a payroll sheet in which his statutory as well as his reduced salary was set forth." It is argued therefore that in these circumstances there was evidence of waiver or accord and satisfaction, or both, and that plaintiff is estopped from asserting his claim for the amount lost to him by these reductions.

The payroll sheets (from January 1st, 1937, to June 15th, 1937) were introduced in evidence. The reason underlying the production of these payroll sheets for that period was

that the provisions of the Civil Service Act became effective in Camden County as of the beginning of 1937, and such payroll sheets from that time on were required by a rule of the Civil Service Commission. Other such exhibits, payroll sheets for the second half of July, 1937, and for the first half of August and September, stated the plaintiff's salary in full although the amount received was at the reduced rate. The plaintiff explained this divergence from the previous practice of writing down both the statutory and the reduced salary as due to a fear on his part that "the signature on such payroll would constitute a waiver."

Throughout his testimony the plaintiff emphatically asserted that from the beginning he protested any reduction in his salary; that he made such protest to Wesley Sell, the then county treasurer, who died previously to the trial of this case; that at the inception of his service he advised Mr. Sell, in writing, that he declined to accept a reduction in his salary. The defendant, served with a notice to produce such letter at the trial, explained it had no record of such letter. Plaintiff was given opportunity to introduce a copy of the letter but was unable to produce such copy, explaining that his term of office had long since expired and that his search for a copy of said letter had not been successful, whereupon the court permitted the plaintiff to state the letter's contents. At this juncture it is clear that the plaintiff relied on his testimony that he had protested against and refused formally to acquiesce in the reduction of his salary. And as against this, it is equally clear that during the interval from February, 1934, to the end of January, 1937, the plaintiff continued to receive his salary at a reduced rate. It is our view that in the circumstances there was evidence to support the plaintiff's claim of refusal to waive the difference in compensation and there was also evidence to support the defense that there had been a waiver.

At that time, the end of January, 1937, Mr. Orlando wrote a letter to Mr. Sell calling attention to the decision of our Court of Errors and Appeals of the case of *Delmar* v. *County of Bergen,* 117 *N. J. L.* 377 (decided January 22d, 1937). The letter has much significance. It says: "This morning

we received semi-monthly pay checks. I notice that the payment made is for the basic salary less 15 per cent. The New Jersey Court of Errors and Appeals has decided in the case of Delmar *v.* The County of Bergen * * * that the Board of Freeholders has no authority to reduce salary of a prosecutor. I am accepting this check with the condition that I am not waiving any of the rights which I may have to the remaining portion which has not been paid * * *." No reference is made in this letter to any previous protest or letter of protest. Again under date of February 5th, 1937, a formal waiver apparently having been sent to the plaintiff for execution, plaintiff wrote: "I am returning herewith the waiver which you have left here for my signature. I recently wrote you when accepting the last pay check and called your attention to the fact that the Court of Errors and Appeals of this State had decided * * * that prosecutor's salary could not be cut by the Board of Freeholders, and it is my intention of pressing my claim for what is due me for back salary, as well as insisting that I be paid at the statutory rate of $7,500 per year * * *." No mention is made in this letter of a previous protest in the year 1934. In the face of the receipt of the reduced salary for 1934 until 1937, and the preparation of payrolls showing such reduced salary, offset by the protest which Mr. Orlando made to the county treasurer verbally and, as he says, in a writing which was not produced, it is our view that a fact issue was raised. It was error therefore to have directed a verdict for the plaintiff so far as this portion of the plaintiff's claim is concerned. A waiver being a conscious, deliberate relinquishment of a known right, we cannot say that the receipt of a sum less than the statutory salary as wages, when there was present evidence of protest, makes out a waiver as a matter of law and that the plaintiff is now estopped from making claim for the unpaid salary for this interval. *Cross* v. *County of Bergen,* 121 *N. J. L.* 501.

Nor does the balance of the plaintiff's claim present a situation that is any different as a matter of law. For part of the ensuing period the prosecutor prepared, or there was prepared by his authority, a payroll showing his salary at the

statutory and at the reduced rate; then for another short interval, mentioned above, the payroll sheets prepared by the prosecutor, or for him, show his statutory salary without reduction, although as a matter of fact the amount due, according to the statutory rate, was altered to accord with the reduced rate by someone other than the prosecutor and he was paid according to the reduced rate. To make out a waiver as a matter of law the proof must be such as to admit of but one conclusion, namely, that it was an unequivocal, intentional surrender of a known right. There was some proof of relinquishment to be gathered from the payrolls prepared and by the receipt of less than the salary fixed by the legislature, and there was proof, after the decision of the Delmar case, *supra*, that the plaintiff resisted the reduction and did not intend to relinquish the right he asserted to his salary according to the statutory rate. This, too, we think makes for a factual issue. Obviously no estoppel arose. The county had not, in reliance on plaintiff's conduct, altered its position in any respect, to its injury. A jury will have to determine what was intended by the conduct of the parties.

The second point which the defendant-appellant makes to support a reversal of the judgment is that the court erred "in allowing testimony of conversations with one deceased at the time of the trial," namely, Mr. Sell. No authority is cited to support the argument made in the brief but from what is said it is apparent that counsel for the appellant disagrees with our adjudicated cases on the issue, for instance, *Cook* v. *D. Fullerton & Co.*, 121 *N. J. L.* 153, and cases cited therein. Furthermore, the appellant's brief presents certain reasons for the exclusion of the testimony under consideration which were not advanced at the trial. If advanced they would have been unavailing. But as a matter of fact, while there was objection to the admission of the testimony at the trial, there was no legal reason in support of the objection advanced to the learned trial judge. Strictly speaking, the objection and exception are not available to the appellant for any purpose.

For the reason first stated, however, we think that the judgment under review should be reversed, and a *venire de novo* allowed, costs to abide the event.