8 N.J. Super. 48 (1950)
73 A.2d 272
DOROTHY BALSHAM, PLAINTIFF-APPELLANT,
v.
JOHN M. KOFFLER AND MARY T. KOFFLER, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1950.
Decided May 11, 1950.
*49 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Edward West argued the cause for appellant.
Mr. Vincent L. Gallaher argued the cause for respondents.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff appeals from a judgment entered in the Superior Court, Law Division, dismissing her complaint in ejectment and granting specific performance in favor of the defendants on their counterclaim.
The facts are not in controversy. On July 15, 1942, the then owner and the defendants entered into a written lease of the premises. This lease was "for the term of one year from the 25th day of July A.D. Nineteen Hundred and Forty-two for the rent or sum of Fifty-five and no/100 *50 ($55.00) Dollars payable on the first day of each month, in advance during the said term, or any renewal thereof." It contained twenty-three numbered sections following a heading "IT IS HEREBY expressly covenanted and agreed between Lessor and Lessee as follows." Of these twenty-three sections, three are pertinent.
"SEVENTEENTH. Either party hereto may terminate this lease at the expiration of the said term by giving to the other party written notice thereof at least thirty days prior thereto, but in default of such notice, this lease, with all the conditions and covenants thereof, shall continue for the further period of one month and so on from month to month unless or until terminated by either party hereto giving to the other written notice of intention to terminate said lease at the expiration of the then current term. PROVIDED HOWEVER, that if Lessor shall have given such written notice prior to the expiration of any term hereby created of intention to change the terms and conditions of this lease, and Lessee shall hold over after the expiration of the time mentioned in such notice, Lessee shall be considered Lessee under the terms and conditions mentioned in such notice, for such further period as Lessee may remain in possession of the premises or until similar subsequent notice be given by Lessor again changing the said terms and conditions.
"NINETEENTH. This lease represents the entire agreement between the parties hereto and there are no collateral oral agreements or understandings. All additions, variations or modification of this lease shall be void and ineffective unless in writing signed by the parties.
"TWENTY-SECOND. It is understood and agreed between Lessor and Lessee that the sum of Fifty-five dollars paid monthly is made up as follows: $50.00 thereof rent and $5.00 thereof a charge paid by Lessee for an option to purchase said premises at any time within one year from the date of said indenture of lease, for the price of $4790 and in the event Lessee exercises said option to purchase, credit shall be given Lessee for the monthly optional payment of $5.00 above referred to."
The defendants have been in continuous possession of the premises since 1942 and have paid the sum of $55 each month to the plaintiff and her predecessors in interest. The defendants on March 31, 1948, notified the plaintiff that they exercised their option to purchase the property, tendered payment of the amount of the purchase price, and demanded execution and delivery of a deed for the premises. The plaintiff *51 refused to convey and brought suit in ejectment against the defendants, alleging that her right of possession accrued May 1, 1948. The defendants counterclaimed for specific performance of the option agreement.
The question presented is whether the option to purchase the premises was available to the defendants on March 31, 1948, when they attempted to exercise it.
The plaintiff argues that the option to purchase expired on July 15, 1943, because it was a collateral agreement to the lease and it terminated with the lease. She relies upon the principle, applied in Andreula v. Slovak Gymnastic, etc., 140 N.J. Eq. 171 (E. & A. 1947) and Wolk v. Widlansky, 142 N.J. Eq. 165 (Ch. 1948); affirmed, 1 N.J. 491 (1949), that an option to purchase contained in a written lease, available only during the term of the lease, cannot be exercised after the expiration of the lease by a tenant holding over, since it is not a provision incident to the relation of landlord and tenant but is a collateral, independent contract.
These tenants, when they exercised the option, were not holdover tenants but tenants holding under the lease. The lease provided for renewal, and in Section 17 provided that after the expiration of the first term on July 25, 1943, "this lease, with all the conditions and covenants thereof, shall continue for the further period of one month and so on from month to month unless or until terminated by either party hereto giving to the other written notice of intention to terminate said lease at the expiration of the then current term." There had been no termination by either party before the exercise of the option. "Where a demise in writing extends over a fixed period, with a provision for its continuance over another fixed period, at a rental fixed, the right of the tenant continues after the determination of the first period, if he elects, and such election will be indicated by his continuing in possession and paying the rent. Such additional term is not a new demise, but a continuation of the old one." Jador Service Co. v. Werbel, 140 N.J. Eq. 188 (E. & A. 1947); cf. L. 1941, c. 317, § 1 (R.S. 46:8-10).
*52 The option to purchase was exercised during the term of the lease and not after the lease had expired. Johnson v. Bates, 128 N.J. Eq. 183 (Ch. 1940); Trustees v. Gerbert, 57 N.J.L. 395 (E. & A. 1894).
The option was "to purchase said premises at any time within one year from the date of" the lease and required the tenant to pay $5 per month as a charge for the option. Section 17 provided that after the expiration of the first year "this lease, with all the conditions and covenants thereof, shall continue," with a proviso that the lessor may give written notice of intention to change the terms and conditions. The lessor gave no notice of intention to change any term or condition. The tenants continued to pay, and the lessor to accept, the $5 monthly payments which were specifically made a charge for the option to purchase. Any doubt which might arise as to whether the option to purchase was to continue after July 15, 1943, was resolved by the conduct of the parties. When the meaning of a contract is not plain, the interpretation given by the parties themselves to the contract, as shown by their acts, will be adopted by the court. 3 Williston, Contracts, § 623 (Rev. Ed. 1936); Kingston Trap Rock Co. v. Eastern Engineering Co., 132 N.J.L. 254 (E. & A. 1944); Mayer v. Sulzberger, 6 N.J. Super. 327 (App. Div. 1950). If the conduct of the parties, subsequent to a manifestation of intention, indicates that all the parties placed a particular interpretation upon it, that meaning is adopted if a reasonable person could attach it to the manifestation. Restatement, Contracts, § 235(e) (1932), N.J. Annot.
We conclude that after July 15, 1943, the option to purchase was continued from month to month during the term of the lease while the $5 per month payment therefor was made and accepted, and that the option to purchase was available to the defendants on March 31, 1948, when they exercised it.
The judgment is affirmed.