**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1071-25

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MUTAH N. BROWN,
a/k/a MUTA BROWN,

    Defendant-Appellant.

_____

         Argued March 18, 2026 – Decided April 6, 2026

         Before Judges Gummer and Vanek.

         On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-07-2046.

         Cynthia H. Hardaway argued the cause for appellant.

         Frank J. Ducoat, Deputy Chief Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Frank J. Ducoat, of counsel and on the brief).

PER CURIAM

Defendant Mutah N. Brown appeals, on leave granted, from an October 6, 2025 interlocutory order requiring him to subpoena his trial and appellate attorneys to testify at an evidentiary hearing on his petition for post-conviction relief (PCR) alleging ineffective assistance of counsel. Because we discern no legal basis for the entry of the order, we vacate and remand the matter to the trial court.

## I.

In 2018, a jury convicted defendant of several offenses, including first-degree aggravated manslaughter while eluding, N.J.S.A. 2C:11-4(a)(2), and second-degree leaving the scene of an accident resulting in death, N.J.S.A. 2C:11-5.1. Defendant was sentenced to a fifteen-year prison term on the manslaughter count and a consecutive eight-year term for leaving the scene of an accident resulting in death. Defendant's aggregate sentence totaled twenty-three years, with a twelve-year and eight-month statutory period of parole ineligibility.

In 2020, defendant appealed his conviction, arguing his sentence was excessive and he was deprived of a fair trial through prosecutorial error and the court's failure to instruct the jury about third-party guilt. We affirmed

A-1071-25

defendant's conviction. See State v. Brown, A-0973-18 (App. Div. Jan. 14, 2021) (slip op.), certif. denied, 236 N.J. 234 (2021).

Several years later, defendant filed a PCR petition alleging ineffective assistance of trial counsel based on his trial attorney's advice that defendant not testify at trial and failure to retain an expert witness who could have testified that he was not the driver of the vehicle, to offer testimony to authenticate a 9-1-1 dispatch call, and to object to the prosecutor's summation. Defendant also claimed his appellate counsel was ineffective for failing to raise these issues on direct appeal.

The judge granted defendant an evidentiary hearing on his PCR petition. At the May 1, 2025 hearing, defendant submitted photographs of the crime scene and called Dr. Justin Schorr as an accident-reconstruction expert. Dr. Schorr testified the evidence he reviewed did not support the conclusion that defendant was driving the vehicle involved in the collision.

Defendant also testified at the hearing that he was not driving the vehicle at the time of the accident. He asserted his attorney had advised him not to testify at trial because his juvenile criminal record could be used to impeach him. Defendant further testified he had suggested his trial counsel retain an expert to reconstruct the collision and, although counsel said she would "get

back to [him] on it," she neither retained an expert nor explained her decision. Defendant testified the audio recording of the 9-1-1 dispatch call included a police officer's exculpatory statements, but trial counsel had not had it properly authenticated and entered into evidence.

After defendant testified at the PCR hearing, the defense rested. The judge stated a determination that defendant received ineffective counsel could not be made without testimony from defendant's attorneys as to the reasons for their decisions. Defendant's PCR counsel posited defendant could not be compelled to call his trial and appellate counsel at an evidentiary hearing. The prosecutor represented the State would not call any witnesses and argued the petition should be denied because defendant had failed to meet his burden of proof.

After considering further briefing on the issue, the judge entered an order requiring defendant to subpoena his trial and appellate counsel to provide testimony at a continued evidentiary hearing for the reasons set forth in an oral ruling. Because the evidentiary hearing had been granted to permit defendant to call his trial and appellate counsel to testify, the judge reasoned defendant's PCR petition could not be decided without their testimony. The judge recounted that a defendant bears the burden of proving entitlement to PCR by a

4

preponderance of the evidence and, citing State v. Preciose, 129 N.J. 451 (1992), stated,

> A defendant who fails to present trial counsel's testimony at a [PCR] hearing runs a strong risk that their claim will be found facially incredible. And the petition will be denied because the [c]ourt cannot resolve key issues of . . . counsel's strategy, advice, or actions using only [defendant's] own [un]corroborated assertions.

The judge observed PCR counsel's decision not to call defendant's allegedly deficient counsel might be grounds for a subsequent petition based on PCR counsel's ineffectiveness.

We granted defendant leave to appeal the judge's order. Defendant presents the following argument for our consideration:

> THE COURT ABUSED ITS AUTHORITY BY ORDERING DEFENDANT TO SUBPOENA WITNESS[ES] IN HIS DIRECT CASE.

The State argues the judge's order was not an abuse of discretion.

II.

Our standard of review of a judge's sua sponte interlocutory order compelling a party to subpoena witnesses to testify has not been directly addressed by our decisional law. Because we review orders compelling discovery and deciding evidentiary issues for abuse of discretion, we review the

judge's order here under that lens. See State v. Herrera, 211 N.J. 308, 328 (2012). "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)).

III.

Based on our review of the limited decisional law addressing whether a trial court may compel a litigant to subpoena witnesses to testify in an adversary proceeding and our application of firmly established principles underpinning our judicial system, we conclude the PCR judge's order compelling defendant to subpoena trial and appellate counsel to testify in furtherance of his PCR petition constituted a mistaken exercise of discretion.

Claims of ineffective assistance of counsel are evaluated under the familiar two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the Court in State v. Fritz, 105 N.J. 42 (1987). Under the Strickland/Fritz standard, a defendant must demonstrate both that counsel's performance was deficient and the deficiency prejudiced the defense. Fritz, 105 N.J. at 52. Because "such claims involve allegations and evidence that lie outside the trial record," Preciose, 129 N.J. at 460, on a prima facie showing, a

6

court may grant the defendant an evidentiary hearing to develop a factual record sufficient to prove their claim. R. 3:22-10(b).

An evidentiary hearing on a PCR claim of ineffective assistance of counsel often involves a defendant calling the allegedly ineffective counsel to testify. See State v. Porter, 216 N.J. 343, 355 (2013). The PCR judge here aptly recognized a defendant who does not call counsel to testify risks failing to meet their burden of proving an entitlement to PCR by the preponderance of the evidence and having their claim rejected as unsupported. See Preciose, 129 N.J. at 459; State v. Kearney, 479 N.J. Super. 539, 547-48 (noting a defendant must rebut the "strong presumption that defense counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'" by showing that "counsel's actions did not equate to sound trial strategy") (first quoting Strickland, 466 U.S. at 690; and then quoting State v. Chew, 179 N.J. 186, 203 (2004)) (internal quotations omitted).

No New Jersey law expressly vests a court with authority to order a party participating in a PCR evidentiary hearing to subpoena and produce witnesses. The parties control the presentation of their respective proofs. See Greenlaw v. U.S., 554 U.S. 237, 243 (2008) (recognizing "[i]n our adversary system" courts are assigned "the role of neutral arbiter of matters the parties

present"). Because a judge lacks specific legal authority to compel a defendant to supplement the record by subpoenaing and calling witnesses they have tactically chosen not to present, it follows that the judge is required to decide the PCR petition based on the record the parties presented.

The judge's order compelling defendant to subpoena his allegedly ineffective counsel is not supported by jurisprudence allowing the court to call or question witnesses in limited circumstances. Trial judges possess circumscribed authority to call witnesses on their own initiative in the interest of truth-seeking, provided they remain impartial arbiters. State v. Ross, 80 N.J. 239, 248–49 (1979) (noting a trial court may call witnesses but "should not become a participant on behalf of either party"); N.J.R.E. 614 (permitting a court to call a witness on its own or at a party's request). However, neither N.J.R.E. 614 nor any decisional law authorizes the court to compel a party to call particular witnesses.

Ordering a litigant to call specific witnesses runs counter to our adversarial system of justice. Through ordering defendant to subpoena his trial and appellate counsel, the judge effectively assumed control over the development of the factual record supporting defendant's PCR claim— exceeding the court's role as neutral adjudicator. See e.g., State v. Chaney, 160

8

N.J. Super. 49, 58 (App. Div. 1978) (noting judges' participation in eliciting testimony must be "balanced by the necessity for self-restraint and the maintenance of an atmosphere of impartiality"). The judge's concern that PCR counsel's decision not to call trial or appellate counsel to further defendant's cause could form the predicate for a subsequent PCR petition does not substitute as a legal predicate for the order under review.

Because no authority permits a court to compel a party to subpoena and present counsel's testimony at a PCR hearing, the order entered here rested on an impermissible basis and, therefore, was a mistaken exercise of discretion. Chavies, 247 N.J. at 257. In light of our conclusion, we need not address whether defendant would be prejudiced by the inability to ask leading questions of witnesses he was compelled to produce.

We vacate the October 6, 2025 order and remand the matter for the PCR court to conduct a case management conference within thirty days, at the court's discretion, and schedule further proceedings consistent with this opinion. We leave it to the PCR court to decide if additional proofs are required before rendering a decision on remand.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

9

A-1071-25